### No. 11,401.

### A. L. JOHNSON VS. THE CITY OF NEW ORLEANS.

Holders of claims against the city of New Orleans by the laws and ordinances under which the claims were created, entitled to payment only, from and out of the funds appropriated to payment of such claims, are not entitled to an absolute judgment against the city. City Charter, Acts of 1882, Sec. 64, Session Acts, p. 35; Act No. 38 of 1879, Session Acts, p. 57. Nor to interest on such claims, at least, unless there are funds in the treasury applicable to payment of such claims. 39 An. 981; 42 An. pp. 3, 164.

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

*Jno. Q. Flynn* Attorney for Plaintiff and Appellant.

*E. A. O'Sullivan,* City Attorney, *L. O'Donnell,* Assistant City Attorney, for Defendant and Appellee.

The opinion of the court was delivered by

MILLER, J. The plaintiff sues as the holder by transfer of certain claims against the city of New Orleans created under various ordinances appropriating the funds to be derived from taxes to various objects of municipal expenditure. The relief sought is an absolute judgment against the city, bearing interest. The answer of the city is the general issue. The judgment of the lower Court recognized the plaintiff as owner of the claims and denied the relief claimed in the petition. From that judgment plaintiff appeals.

The city of New Orleans is provided with a limited power of taxation. It is required at the beginning of the fiscal year to adopt a budget of the anticipated revenues and expenses of the coming year, and as the revenues are collected they are credited to the accounts conforming to the appropriations in the budget. The creditors of the city, *i. e.*, those who become creditors from the fact that the money is not on hand derived from the revenues to pay them when the debt is created, are apprised by the law and by the ordinances of the City that they are to be paid from and only, out of the revenues appropriated for the payment of the claims and necessarily there is to be no payment until there are revenues realized and placed to the credit of the account against which the claims are to be charged. In no

sense, is the holder of such claims a general creditor of the city. He is a creditor with the payment confined to a particular fund, when collected. Every ordinance produced in the case to fortify plaintiff's demand, announces that the appropriations to pay the claims on which he sues, are not payable until there is money in the city treasury derived from the collection of the public revenues to the credit of the appropriate fund, i. e., that from which the creditor is entitled to be paid. Whatever the character of the obligation, whether warrant, certificate or claim, original or transferred, has impressed upon it this specific and limited right of payment, and subject to that limitation the plaintiff acquired the claims on which he sues. 1 Dillon on Mun. Corporations, *verbo* Municipal Warrants; 39 An. 981; 19 Wallace, 477.

It has occurred and perhaps, is the case now, that there is a large amount of unpaid claims against the City payable out of appropriations of past years. This is due to shortages in the collection of taxes and perhaps other causes. The plaintiff, doubtless, is the sufferer, with others, from the absence of funds in the treasury to pay him. Hence, his appeal to the Court to change the character of his debt, and give him an absolute judgment against the City with interest. It is manifest, he is entitled to no such relief.

Holders of claims against the city of the character of those held by plaintiff, payable as they are only when the funds applicable to their payment are in the treasury, are entitled to no interest, at least not unless there are such funds on hand. The question of interest can not be deemed open. 39 An. 981; 42 An. 3. We are not called on to determine whether there is any right of action on such claims unless there are funds to pay them; the appeal being by plaintiff only.

It is therefore adjudged and decreed that the judgment of the lower court be affirmed, with costs.